Jorge Alberto **CARTAGENA** and Olga Lissette Cartagena, Petitioners,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–71534.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 2010.*

Filed Dec. 22, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Catherine Susan Willmore, Esquire, Law Office of Catherine Willmore, PLLC, Seattle, WA, for Petitioners.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Carmel Aileen Morgan, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and THOMAS, Circuit Judges.

### MEMORANDUM **

Petitioners Jorge Alberto Cartagena and Olga Lissette Cartagena, husband and wife and natives and citizens of El Salvador, petition for review of a Board of Immigration Appeals order dismissing their appeal from an immigration judge's (IJ) denial of their application for cancellation of removal, as well as their application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the Board's denial of asylum and withholding of removal because Mr. Cartagena failed to show he was or will be subject to conduct rising to the level of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (holding that unfulfilled threats and an incident of physical violence did not establish past persecution). The unfulfilled threats to Mr. Cartagena by an unknown source or sources do not compel a finding that he will be subject to future persecution if he returns to El Salvador. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (explaining that court may not reverse Board's finding unless evidence compels the conclusion that petitioner has a well-founded fear of persecution on account of a protected ground).

■ Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that petitioners did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the El Salvadoran government. *See Arteaga v. Mukasey,* 511 F.3d 940, 948–49 (9th Cir.2007).

■ As for the denial of cancellation relief, petitioners contend they were denied due process when the immigration judge misstated the evidence and speculated that a U.S. citizen child is entitled to government benefits. Because the record indicates the IJ considered all evidence in the aggregate, including Mr. Cartagena's testimony regarding the extent of hardship to his son, the IJ's misstatement as to how many weekend days and holidays he spent with the son did not affect the outcome of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the case. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). The contention that the Board failed to properly consider and weigh all evidence of hardship does not raise a colorable due process claim. *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005). Accordingly, we dismiss the appeal as to the denial of cancellation of removal.

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**